# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| DEBRA JANSEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:23-cv-693 |
| | § | |
| DOGGIE DELIGHT, INC. AND STEVEN WARD, INDIVIDUALLY, | § § § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Debra Jansen ("Jansen") brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended. For cause of action, she respectfully shows as follows:

## I. NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).

2. Defendants have violated the FLSA by failing to pay Jansen, a non-exempt manager, in accordance with the guarantees and protections of the FLSA. Defendants have failed and refused to pay Jansen

at time-and-one-half her regular rate of pay for all hours worked in excess of forty hours within a workweek, although they had full knowledge that Jansen consistently worked over forty hours per week. Defendants also failed to pay Jansen for the last two weeks of her employment.

## II. PARTIES

3. Plaintiff Debra Jansen is an individual residing in Dallas County, Texas.

4. Doggie Delight, Inc. is a domestic corporation doing business as Fire Plug Grooming that employed Jansen in Dallas Texas.

5. Doggie Delight, Inc.'s registered agent for service of process is Steven Ward, and he may be served at 144 Spring Creek Village, Dallas Texas 75248, or 15818 Ranchita Dr., Dallas Texas 75248, or wherever else he may be found.

6. At all times relevant to this claim, Doggie Delight, Inc. was an employer of Jansen as defined by 29 U.S.C. §203(d).

7. Steven Ward is an individual who is the President of Doggie Delight, Inc., and he may be served at 144 Spring Creek Village, Dallas Texas 75248, or 15818 Ranchita Dr., Dallas Texas 75248, or wherever else he may be found.

8. Steven Ward individually employed Jansen.

9. Steven Ward was an employer of Jansen as defined by 29 U.S.C. §203(d).

10. Steven Ward acted directly or indirectly in the interest of Doggie Delight, Inc. in relation to Jansen's employment.

11. Steven Ward exercised managerial responsibilities and substantial control over employees of Doggie Delight, Inc., including Jansen.

12. Steven Ward exercised managerial responsibilities and substantial control over the terms and conditions of employees of Doggie Delight, Inc., including the terms and conditions of Jansen's employment.

13. Steven Ward had and exercised his authority to hire, fire and direct employees of Doggie Delight, Inc., including Jansen.

14. Steven Ward had and exercised his authority to supervise and control the employment relationships and work schedules of employees of Doggie Delight, Inc., including Jansen.

15. Steven Ward had and exercised his authority to set and determine the rate and method of pay of employees of Doggie Delight, Inc., including Jansen.

16. Steven Ward had and exercised his authority to decide whether employees of Doggie Delight, Inc., including Jansen, received overtime compensation.

17. Steven Ward also kept and maintained employment records for employees of Doggie Delight, Inc., including Jansen.

### III. JURISDICTION AND VENUE

18. This Court has subject matter jurisdiction in this matter because Plaintiff asserts claims arising under federal law. Specifically, Plaintiff asserts claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. This Court, therefore, has jurisdiction pursuant to 28 U.S.C. § 1331. This Court also has personal jurisdiction over all parties to this action.

19. Venue is proper in this district and division as all or a substantial part of the events forming the basis of this suit occurred in and around Dallas County, Texas, which is in this District and Division. Jansen was an employee of Defendants, and performed work for Defendants in and around Dallas County, Texas. Defendants are subject to this Court's personal jurisdiction with

respect to this civil action. Defendants thus reside in this district and division. 28 U.S.C. §1391(c). Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

## IV. COVERAGE UNDER THE FLSA

20. At all relevant times, Defendants have, jointly or individually, acted, directly or indirectly, in the interest of an employer with respect to Jansen.

21. At all relevant times, Defendants have, jointly or individually, been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

22. At all relevant times, Defendants have been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

23. At all relevant times, Doggie Delight, Inc. has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Doggie Delight, Inc. is an enterprise and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that each enterprise has had and does have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

24. At all times hereinafter mentioned, Jansen was an individual "employee" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendants at all relevant times "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

25. As an employee of Defendants, Jansen handled items such as cell phones, computers, canine grooming supplies and cleaning supplies, as well as other items that have been moved in or produced for commerce as defined by 29 U.S.C. §203(b).

## V. FACTUAL ALLEGATIONS

26. Defendants operate a dog grooming service in Dallas Texas.

27. Jansen was employed by Defendants as a manager.

28. Throughout her employment, Defendants paid Jansen on an hourly basis.

29. During all times relevant to this action, Jansen was non-exempt.

30. Jansen routinely worked long hours and consistently worked more than forty hours per week.

31. Defendants paid no overtime premiums for any hours worked by Jansen over forty per workweek, even though Jansen consistently worked more than forty hours per week.

32. Defendants were fully aware that Jansen consistently worked over forty hours per workweek, as they directed her to work these hours.

33. Defendants were fully aware of their obligations to pay overtime compensation to non-exempt employees such as Jansen.

34. Defendants purposefully ignored their obligations to pay overtime compensation to non-exempt employees such as Jansen.

35. Further, Defendants refused to pay Jansen for the last two weeks of her employment.

36. Defendants have knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation as well as regular wages to Jansen.

# VI. CAUSES OF ACTION:

## A. FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

37. Jansen incorporates all allegations contained in the foregoing paragraphs as though fully set forth herein.

38. During the relevant period, Defendants have violated Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2) by employing employees, including Jansen, in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours, without compensating such employees, including Jansen, for work in excess of 40 hours per week at rates no less than one-and-one-half times the regular rate for which such employees, including Jansen, were employed. Defendants have acted willfully in failing to pay their non-exempt employees, including Jansen, in accordance with applicable law.

## B. FAILURE TO PAY MINIMUM WAGE IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

39. Jansen incorporates all allegations contained in the foregoing paragraphs as though fully set forth herein.

40. Defendants have violated 29 U.S.C. § 201 *et seq.* by failing to pay Plaintiff minimum wage for all hours worked during her employment. No excuse, legal justification or exemption excuses Defendants' failure to pay Plaintiff minimum wage for the last two weeks of her employment. Defendants have failed to make a good faith effort to comply with the FLSA. Instead, Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding minimum wage compensation.

### C. BREACH OF CONTRACT AND QUASI CONTRACT

41. Jansen incorporates all allegations contained in the foregoing paragraphs as though fully set forth herein.

42. Alternatively, Plaintiff is entitled to recover damages for Defendants' failure to pay Plaintiff for all hours worked under the Texas common law for breach of contract. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

43. During the course of her employment, Plaintiff and Defendants entered into a valid and enforceable contract regarding payment of their wages in exchange for Plaintiff's services. Pursuant to this contract, Defendants were obligated to pay Plaintiff the full amount of her agreed upon compensation every pay period. Plaintiff has fully performed all of her contractual obligations.

44. Defendants breached this contract by failing to pay Plaintiff all compensation she was owed under the above referenced contract. Defendants' breach caused injury to Plaintiff, which resulted in damages. Plaintiff seeks unliquidated damages within the jurisdictional limits of this court.

45. By virtue of the filing of this Original Complaint, Plaintiff has made presentment to Defendants as per Texas Civil Practice and Remedies Code, § 38.002. Plaintiff also seeks to recover damages against Defendants for the full amount of her unpaid wages under the Texas common law for promissory estoppel, unjust enrichment, or money had and received.

46. Alternatively, Defendants owe Plaintiff all unpaid compensation at Plaintiff's full regular rate under *quantum meruit* for services Plaintiff provided directly to Defendants. Defendants accepted these services under such circumstances that Defendants were reasonably notified that Plaintiff expected to be paid by Defendants.

## VII. PRAYER FOR RELIEF

WHEREFORE, cause having been shown, upon final hearing of this cause, Jansen prays for judgment against Defendants Doggie Delight, Inc. and Steven Ward, individually, jointly and severally, as follows:

a. For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendants liable for unpaid back wages due to Jansen and for liquidated damages equal in amount to the unpaid compensation found due to Jansen;

b. For an Order awarding Jansen unpaid wages for non-overtime hours at Plaintiff's regular rate of pay under her contracts (express or implied) or under any applicable statute;

c. For an Order awarding Jansen reasonable attorney's fees, costs and expenses of this action, including expert witness costs, as provided by the FLSA and by Chapter 38 of the Texas Civil Practice and Remedies Code;

d. For an Order awarding Jansen pre-judgment and post-judgment interest at the highest rates allowed by law;

e. For an Order awarding Jansen declaratory and injunctive relief as necessary to prevent the Defendants' further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. and

f. For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

Respectfully Submitted,

**WELMAKER LAW, PLLC**
409 N. Fredonia, Suite 118
Longview, Texas 75601
Tel: (512) 499-2048

By: */s/ Douglas B. Welmaker*
      Douglas B. Welmaker
      Texas State Bar No. 00788641
      doug@welmakerlaw.com

**ATTORNEY FOR PLAINTIFF**