IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEBRA JANSEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-693-B-BN |
| | § | |
| DOGGIE DELIGHT, INC., | § | |
| | § | |
| Defendant. | § | |

**ORDER CONTINUING RESET SHOW CAUSE HEARING**

The Court reconvened the in-person show cause hearing on Tuesday, September 12, 2023 at 1:00 p.m. in Courtroom 1561, 1100 Commerce Street, Dallas, Texas 75242. Counsel for Plaintiff Debra Jansen appeared in person, but counsel for Defendant Doggie Delight, Inc. did not. But Defendant Doggie Delight, Inc.'s counsel did call (and then email) the Court's courtroom deputy during the hearing and apologize for missing the hearing and explain that he is working on finalizing an answer to file on behalf of Defendant Doggie Delight, Inc.

As the Court has explained, what remains outstanding is Defendant Doggie Delight, Inc.'s serving and filing an answer, or otherwise responding, to Plaintiff's Original Complaint [Dkt. No. 1] as Federal Rule of Civil Procedure 12 requires.

The Court will reconvene the in-person show cause hearing on **Tuesday, September 26, 2023 at 11:00 a.m.** in Courtroom 1561, 1100 Commerce Street, Dallas, Texas 75242. Counsel for Plaintiff Debra Jansen and counsel for Defendants Doggie Delight, Inc. and Steven Ward must appear in person for this hearing.

But the Court will cancel this hearing if – between now and mid-day on Monday, September 25, 2023 (but the sooner, the better) – Defendant Doggie Delight, Inc. files an answer, or otherwise responds, to Plaintiff's Original Complaint [Dkt. No. 1] as Federal Rule of Civil Procedure 12 requires.

On the other hand, if no answer (or other response as Rule 12 permits) is filed by the time of the September 26 hearing, Defendant Doggie Delight, Inc. should expect that the Court will order the Clerk of Court to enter default against Defendant Doggie Delight, Inc. – unless Defendant Doggie Delight, Inc.'s counsel were to show cause at the hearing why the Court should not do so. *See* FED. R. CIV. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."); *Bonanza Intern., Inc. v. Corceller*, 480 F.2d 613, 614 (5th Cir. 1973) (holding that Federal Rule of Civil Procedure 55 "permits entry of a default as the consequence of failure to … answer"). And, after entry of a default, the Court would then consider any motion for default judgment against Defendant Doggie Delight, Inc. filed by Plaintiff Debra Jansen under Federal Rule of Civil Procedure 55(b).

The parties are again warned going forward that Federal Rule of Civil Procedure 16(f) provides that, "[o]n motion or on its own, the court may issue any just orders, including those authorized by [Federal Rule of Civil Procedure] 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference; (B) is substantially unprepared to participate-or does not participate in

good faith-in the conference; or (C) fails to obey a scheduling or other pretrial order. …. Instead of or in addition to any other sanction, the court must order the party, its -4- attorney, or both to pay the reasonable expenses – including attorney's fees – incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 16(f)(1)-(2).

Sanctions that Rule 37(b)(2)(A) authorizes the Court to order include "(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; … (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." FED. R. CIV. P. 37(b)(2)(A)(ii)-(iv), (vi)-(vii).

SO ORDERED.

DATED: September 12, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE