UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **DEBRA JANSEN,** *Plaintiff*, v. **DOGGIE DELIGHT, INC.,** , *Defendant*. | Case No. 3:23-cv-693 |

# DOGGIE DELIGHT, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

In accordance with FRCP 12, Doggie Delight, Inc. ("Doggie Delight") provides this answer to Plaintiff, Debra Jansen's ("Jansen") Original Complaint (the "Complaint"). Doggie Delight's answers are based upon actual knowledge as to itself and upon information and belief as to all other persons and events, as follows. All allegations not expressly admitted are denied.

## RESPONSE TO "NATURE OF THE SUIT"

1. Doggie Delight admits that Jansen purports to bring causes of action(s) under the Fair Labor Standards Act ("FLSA") in this litigation. The remaining allegations in Jansen's paragraph 1 are legal conclusions to which no response is required. Likewise, to the extent the allegations contained in paragraph 1 characterize written documents, those documents speak for themselves. To the extent a response is required, Doggie Delight denies the remaining allegations in Jansen's paragraph 1 and specifically denies that she is entitled to any relief from the authority cited (as it has sense been amended).

2. Doggie Delight denies the allegations contained in paragraph 2.

## II. PARTIES

3. Doggie Delight admits only so much as to paragraph 3 of the Complaint that alleges Deborah Jansen is an individual. Doggie Delight denies the remaining allegations of paragraph 3.

4. Doggie Delight admits only so much as to paragraph 4 that alleges that Doggie Delight, Inc. is a corporation. Doggie Delight denies the remaining allegations of paragraph 4.

5. Doggie Delight denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5.

6. Doggie Delight denies the allegations contained in paragraph 6.

7. Doggie Delight denies the allegations contained in paragraph 7.

8. Doggie Delight denies the allegations contained in paragraph 8.

9. Doggie Delight denies the allegations contained in paragraph 9.

10. Doggie Delight denies the allegations contained in paragraph 10.

11. Doggie Delight denies the allegations contained in paragraph 11.

12. Doggie Delight denies the allegations contained in paragraph 12.

13. Doggie Delight denies the allegations contained in paragraph 13.

14. Doggie Delight denies the allegations contained in paragraph 14.

15. Doggie Delight denies the allegations contained in paragraph 15.

16. Doggie Delight denies the allegations contained in paragraph 16.

17. Doggie Delight denies the allegations contained in paragraph 17.

## III. JURISDICTION AND VENUE

18. Paragraph 18 consists of a legal conclusion to which no answer or other or response is required. To the extent that a response to such allegations contained in paragraph 18 is

deemed necessary, Doggie Delight admits that this Court has subject matter jurisdiction over this action.

19. Paragraph 19 consists of a legal conclusion to which no answer or other response is required. To the extent that a response to such allegations contained in paragraph 19 is deemed necessary, Doggie Delight admits that venue is proper.

## IV.  COVERAGE UNDER THE FLSA

20. Doggie Delight denies the allegations contained in paragraph 20.

21. Doggie Delight denies the allegations contained in paragraph 21.

22. Doggie Delight denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22.

23. Doggie Delight denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23.

24. Doggie Delight denies the allegations contained in paragraph 24.

25. Paragraph 25 consists of a legal conclusion to which no answer or other response is required.

## V.  FACTUAL ALLEGATIONS

26. Doggie Delight admits the allegations of paragraph 26.

27. Doggie Delight denies the allegations contained in paragraph 27.

28. Doggie Delight denies the allegations contained in paragraph 28.

29. The allegations of paragraph 29 consist of a legal conclusion to which no answer or other response is required; however, to the extent that such allegations require an answer, they are denied.

30. Doggie Delight denies the allegations contained in paragraph 30; specifically, that Jansen ever worked over 40 hours a week.

31. The allegations of paragraph 31 consist of a legal conclusion to which no answer or other response is required; however, to the extent that such allegations require an answer, they are denied.

32. Doggie Delight denies the allegations contained in paragraph 32.

33. The allegations of paragraph 33 consist of a legal conclusion to which no answer or other response is required; however, to the extent that such allegations require an answer, they are denied.

34. Doggie Delight admits the allegations of paragraph 34.

35. Doggie Delight admits the allegations of paragraph 35.

36. The allegations of paragraph 36 consist of a legal conclusion to which no answer or other response is required; however, to the extent that such allegations require an answer, they are denied.

## VI.  CAUSES OF ACTION

### A. FAILURE TO PAY WAGES IN
### ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

37. Doggie Delight realleges and incorporates by reference is foregoing responses to the proceeding paragraphs as if fully set forth herein.

38. The allegations of paragraph 38 consist of a legal conclusion to which no answer or other response is required; however, to the extent that such allegations require an answer, they are denied.

### B. FAILURE TO PAY WAGE IN
### ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

39. Doggie Delight realleges and incorporates by reference is foregoing responses to the proceeding paragraphs as if fully set forth herein.

40. The allegations of paragraph 40 consist of a legal conclusion to which no answer or other response is required; however, to the extent that such allegations require an answer, they are denied.

### C. FAILURE TO PAY MINIMUM WAGE IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

41. Doggie Delight realleges and incorporates by reference is foregoing responses to the proceeding paragraphs as if fully set forth herein.

42. The allegations of paragraph 42 consist of a legal conclusion to which no answer or other response is required; however, to the extent that such allegations require an answer, they are denied.

43. The allegations of paragraph 43 consist of a legal conclusion to which no answer or other response is required; however, to the extent that such allegations require an answer, they are denied.

44. The allegations of paragraph 44 consist of a legal conclusion to which no answer or other response is required; however, to the extent that such allegations require an answer, they are denied.

45. The allegations of paragraph 45 consist of a legal conclusion to which no answer or other response is required; however, to the extent that such allegations require an answer, they are denied.

46. The allegations of paragraph 46 consist of a legal conclusion to which no answer or other response is required; however, to the extent that such allegations require an answer, they are denied.

## VII. PRAYER FOR RELIEF

47. The allegations in Paragraph No. 47 are requests for relief to which no response is required. To the extent that a response is required, Doggie Delight denies these allegations and requests that Doggie Delight be awarded the costs incurred in defending this action, and any and all other relief as the Court may deem just and proper.

## VIII.   JURY DEMAND

48. Doggie Delight hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Procedure.

## IX.   AFFIRMATIVE DEFENSES

Doggie Delight asserts the following affirmative defenses. In so doing, Doggie Delight does not concede that it has the burden of production or proof as to any affirmative defense asserted below. Further, Doggie Delight does not presently know all the factors concerning the conduct of Jansen to represent sufficient to state all affirmative defenses at this time. Accordingly, Doggie Delight will seek leave of this Court to amend this Answer should it later discover facts demonstrating the existence of additional affirmative defenses.

### First Affirmative Defense

1. The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

2. Doggie Delight invokes the defenses, protections and limitations of the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA").

### Third Affirmative Defense

3. At all times, Doggie Delight acted in good faith and had reasonable grounds for believing its actions were in compliance with the FLSA.

**Fourth Affirmative Defense**

4. Doggie Delight did not know or show reckless disregard for whether its conduct was prohibited by the FLSA.

**Fifth Affirmative Defense**

5. This action is barred to the extent Jansen seeks recovery for time that is not compensable time, i.e. "hours worked" under the FLSA.

**Sixth Affirmative Defense**

6. In the alternative, Doggie Delight is entitled to offset monies or other consideration paid or provided to Jansen by Doggie Delight for periods in which Jansen was not engaged to work and/or caused substantial damage to Doggie Delight's business operations.

**Seventh Affirmative Defense**

7. To the extent that Jansen may seek punitive damages, Jansen's recovery is limited by applicable provisions of the FLSA and the Texas and/or United States Constitutions. Any award of punitive damages to Jansen in this case would be in violation of the FLSA and the constitutional safeguards provided to Doggie Delight under the Constitution of the United States and/or the laws of the State of Texas.

**Eighth Affirmative Defense**

8. Jansen is not entitled to punitive/liquidated damages as Doggie Delight did not act or failed to act in a manner sufficient to give rise to punitive/liquidated damages liability.

**Ninth Affirmative Defense**

9. Jansen's action is barred because she seeks to recover for time that is de minimus work time and thus not compensable under the FLSA.

**Tenth Affirmative Defense**

10. As a separate and distinct affirmative defense, Doggie Delight alleges that all or portions of the claims of Jasen are barred, in whole or in part, by the doctrine of unclean hands. Without limiting Doggie Delight's reliance on this affirmative defense, to the extent Jansen purports to represent are seeking compensation for time or expenses which she willfully failed to report or raise concerns regarding, her claims are barred by the doctrine of unclean hands.

**Eleventh Affirmative Defense**

11. As a separate and distinct affirmative defense, Doggie Delight alleges that all or portions of the claims of Jansen are barred, in whole or in part, by the doctrine of estoppel. Without limiting Doggie Delight's reliance on this affirmative defense, to the extent Jansen purports to represent she seeks compensation for time or expenses which she willfully failed to report or raise concerns regarding, her claims are estopped. As Jansen provide factual background for their Complaint, Defendant reserves the right to further amend this affirmative defense.

**Twelfth Affirmative Defense**

12. Some or all of Jansen's claims may be barred by the doctrine of laches, waiver, estoppel, or other equitable considerations.

**Thirteenth Affirmative Defense**

13. As a separate and affirmative defense, Doggie Delight alleges that Jansen's Complaint does not describe the claims or facts being alleged with sufficient particularity to permit Doggie Delight to ascertain what other defenses may exist. Doggie Delight will rely on any and all further defenses that become available or appear during discovery in this action and

specifically reserves the right to amend its Answer for purposes of asserting such additional defenses.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant, Doggie Delight, Inc. prays that its answer be deemed good and sufficient and all claims by Plaintiff, Debra Jansen against Doggie Delight be dismissed, with prejudice, and such other and further relief, legal and equitable, including attorney's fees, be awarded to Doggie Delight.

Dated: September 25, 2023                    Respectfully Submitted,

                                                  MOSKOWITZ, PLLC
By: /s/ Daniel B. Moskowitz
Daniel B. Moskowitz
Texas State Bar No. 24085485
dmoskowitz@dbmlaw.net
dbm@moskowitzpllc.com
324 N. Saint Paul Street,
Suite 3100
Dallas, TX 75201
Tel: 469-766-3863
Fax: 214 279-1797

***Counsel for Defendant, Doggie Delight, Inc.***

**CERTIFICATE OF SERVICE**

   I hereby certify that on September 25, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:


Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
Welmaker Law, PLLC
409 N. Fredonia, Suite 118
Longview, Texas 75601
Phone: (512) 799-2048
Email: doug@welmakerlaw.com


               By: */s/ Daniel B. Moskowitz*
                 Daniel B. Moskowitz