IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DEBRA JANSEN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Case No. 3:23-cv-693-B-BN |
| | § | |
| **DOGGIE DELIGHT, INC. AND STEVEN WARD, INDIVIDUALLY,** | § § § | |
| | § | |
| **Defendants.** | § | |

### PLAINTIFF'S[1] RULE 26(f) REPORT

Plaintiff Debra Jansen ("Plaintiff") hereby files her part of the required Joint Rule 26(f) Report:

(a)     A brief but specific description of the nature of the case and the contentions of the parties, including identifying, as specifically as possible, (i) the key, disputed issues that are raised by each claim or defense; and (ii) the specific relief that each party seeks (such as damages, restitution, and injunctive or declaratory relief) including the amount or form of each type of relief sought and the basis on which the party seeks that relief; and (iii) the issues that will require expert testimony and the expert witnesses, identified by area of expertise if not by name, who will be necessary to address those issues.

**PLAINTIFF:**

Plaintiff was a non-exempt hourly manager who was not always paid time- and one-half her regular rate of pay for hours worked in excess of forty hours within a workweek.  Plaintiff brings her first claim under the Fair Labor Standards Act for failure to pay overtime in violation of the FLSA.  Plaintiff contends that the key disputed issues in her FLSA matter will be limited to the number of hours she worked per week, Defendant's awareness of same, and whether she was compensated properly for any hours worked over forty per week.

Plaintiff also brings a claim under the FLSA for failure to pay minimum wage for the last one to two weeks of her employment, as she was not paid for all hours worked during this period.  In the alternative to her minimum wage claim under the FLSA, Plaintiff seeks recovery at her full regular

---

[1] While Plaintiff is filing her portion of this Joint Report separately, opposing counsel and the undersigned have been cooperating and working with each other very well, and this filing is not the result of any sort of disagreement over the contents of the Report.

rate for her last one to two weeks under quantum meruit, promissory estoppel, unjust enrichment, or money had and received. The key issue in this claim will be the number of hours Plaintiff worked during the last two weeks of her employment for which she was not compensated.

No issues (other than testimony post-trial on submission for fees should Plaintiff be a prevailing party) will require an expert. Any post-trial fee application will list the undersigned and a Dallas attorney, most likely Barry Hersh or Allen Vaught, as experts on the reasonableness of both the amount of fees and the requested hourly rate.

Plaintiff seeks monetary damages for all of the above causes of action, although the exact amount of each claim has not yet been determined.

(b)     A proposed discovery plan, including

      (i)     An estimate of the time needed for discovery, with an explanation of the reasons for the estimate, and a specific description of the contemplated scope, types (such as interrogatories, depositions, subpoenas, and the like), subject matter, and expected duration of discovery to be conducted by each party, consistent with Federal Rule of Civil Procedure 26(b);

Plaintiff estimates that the parties would need five months at most for discovery, which would allow them time to engage in written discovery (including interrogatories, requests for production and requests for admission), time for depositions, including any 30(b)(6) depositions, time to potentially mediate the case and time to prepare dispositive motions, should such be appropriate.

      (ii)    An explanation of any issues related to the accessibility (including costs involved in accessing of), retention, preservation, disclosure, and/or discovery and production of electronically stored information, including the need for any protective order and the form or forms (such as TIF, PDF, or native; with or without metadata; and searchable or not) in which any electronically stored information should be produced and the organization of any production of electronically stored information, see FED. R. CIV. P. 34(b)(2)(E)(i)-(iii);

Because this is not a data-intensive case, Plaintiff does not anticipate any issues related to the accessibility or production of electronically stored data, and does not anticipate the need for a protective order. To the extent any issues arise with respect to ESI, Plaintiff agrees to work with opposing counsel to attempt to resolve such issues.

      (iii)   A discussion of whether discovery should be conducted in phases, should be limited to certain issues, or should initially focus on the subjects and sources that are most clearly proportional to the needs of the case (such as information that is clearly going to be important to the case and is easily obtained) under Rule 26(b);

Discovery does not need to be conducted in phases, nor does it need to be limited.

      (iv)    A discussion of what facts can be stipulated and what facts or factual issues are undisputed and can be removed from the scope of discovery to be conducted;

At this point in time, Plaintiff is unaware of any facts that can be stipulated.

      (v)    A discussion of whether the presumptive limits of 10 depositions per side, seven hours per deposition, and 25 interrogatories per party, as well as a limit of thirty Federal Rule of Civil Procedure 36 requests for admission per party, should apply in this case. Any party who suggests that these limits should not apply must set forth the reasons for variance from the rules;

The above limitations are acceptable to Plaintiff.

      (vi)    An explanation of any other proposed limitations on discovery;

None.

      (vii)    An explanation of any issues relating to a party's claims of privilege, work product, or other protections, including

      (A) whether the parties agree on a protocol for creating and exchanging privilege logs pursuant to Federal Rule of Civil Procedure 26(b)(5) and

Plaintiff does not think that any issues relating to privilege exist at this time.  Plaintiff agrees that should Plaintiff withhold material on the basis of privilege or other protections, counsel will create a privilege log.

      (B) whether the parties agree on a procedure to assert claims of privilege, work product, or other protections after production or to "claw back" inadvertently produced privileged or otherwise protected documents and will ask the Court to include their agreement in an order;

Plaintiff suggests that any inadvertently produced documents should be able to be "clawed back" within a reasonable period not exceeding 60 days upon discovery of a mistaken or inadvertant production.

      (viii)    A proposed deadline to designate expert witnesses and exchange written reports, in advance of a deadline to complete discovery;

Plaintiff does not anticipate the use of experts.

      (ix)    An explanation of any other orders the Court should issue under Federal Rule of Civil Procedure 26(c) or Federal Rules of Civil Procedure 16(b) and 16(c); and

None at this time.

(x)     A proposed deadline to complete discovery.

Plaintiff suggests discovery close on Friday, March 15, 2024.

(a)     A brief but specific explanation of the basis for this Court's jurisdiction over this action and the parties hereto, including, in any action for which 28 U.S.C. § 1332 is alleged to provide the basis for subject-matter jurisdiction, a specific description of the citizenship of the parties, and a brief but specific description of any challenges to jurisdiction or venue, including, in a case removed from state court, any challenges to procedural or jurisdictional defects in the removal;

This Court has subject matter jurisdiction because Plaintiff asserts claims arising under federal law.  Specifically, Plaintiff asserts claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq.  This Court, therefore, has jurisdiction pursuant to 28 U.S.C. § 1331.  This Court also has supplemental jurisdiction over Plaintiff's state law claims and has personal jurisdiction over all parties to this action.

(b) Any pending or contemplated motions, including, in any action removed from state court, any motions that were filed in state court;

None at this time.

(c) A deadline to file motions to amend pleadings and join additional parties;

Plaintiff suggests Monday, December 18, 2023.

(d) A deadline to file dispositive motions and other pretrial motions;

Plaintiff suggests Friday, May 17, 2024.

(e) The position of each party regarding mediation or other forms of alternate dispute resolution, including a deadline for the completion of such procedures, as well as regarding the possibilities for promptly settling or resolving the case;

Plaintiff is amenable to an early mediation in this matter, to be conducted as a settlement conference with a Dallas Magistrate Judge.  Plaintiff suggests mediation should occur before Friday, December 15, 2023.

(f) A trial date and an explanation of whether a jury has been demanded;

Plaintiff suggests a trial date of Monday, August 5, 2024.  A jury has not been demanded.

(g) Any other matters relevant to the status or disposition of the case; and

None at this time.

4

(h) Whether the parties will consent to trial, either jury or non-jury, before the magistrate judge. See FED. R. CIV. P. 73(b)(1). Consent to the magistrate judge's authority is voluntary. Any party is free to withhold consent without adverse substantive consequences. See 28 U.S.C. § 636(c)(2); FED. R. CIV. P. 73(b)(2). However, a magistrate judge may often be in the best position to provide a speedy, just, and inexpensive adjudication of a civil case while still preserving the right of direct appeal to the Court of Appeals. If all parties consent to the authority of the magistrate judge, the case will be reassigned to the magistrate judge under 28 U.S.C. §636(c) and Federal Rule of Civil Procedure 73(a) to conduct all further proceedings, including entry of a final judgment, with any appeal directly to the United States Court of Appeals for the Fifth Circuit. See 28 U.S.C. §636(c)(3); FED. R. CIV. P. 73(c).

Plaintiff is waiting to determine Defendant's position on an agreement to have the Magistrate preside over this matter.

Plaintiff anticipates exchanging initial disclosures within 14 days of today, October 19, 2023, which would be November 2, 2023.

Respectfully submitted,

WELMAKER LAW, PLLC


/s/  Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
Welmaker Law, PLLC
409 N. Fredonia, Suite 118
Longview, Texas 75601
Phone: (512) 799-2048
Email: doug@welmakerlaw.com

**ATTORNEY FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing has been electronically served on all counsel of record via Notice of Electronic Filing on a known Filing User through the CM/ECF system on October 19, 2023.

/s/ Douglas B. Welmaker
Douglas B. Welmaker
