IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEBRA JANSEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:23-cv-693-B-BN |
| | § | |
| DOGGIE DELIGHT, INC. AND STEVEN WARD, INDIVIDUALLY, | § § § | |
| | § | |
| Defendants. | § | |

**JOINT RULE 26(f) REPORT AND INITIAL CASE
MANAGEMENT CONFERENCE STATEMENT**

Counsel for Plaintiff Debra Jansen ("Plaintiff" or "Ms. Jansen") and Defendant Doggie Delight, Inc. ("Defendant" or "Doggie Delight") (collectively, "Defendant" together with "Plaintiff," the "Parties") have met and conferred as required by Federal Rule of Civil Procedure 26(f) and this Court's Order Settling Initial Case Management Conference. Counsel for the Parties met and conferred pursuant to Federal Rule of Civil Procedure 26(f)[1] beginning on October 9, 2023. These meetings took place telephonically because of the distance between counsel's office. Plaintiff prepared a draft Joint Report, which Defendant's counsel edited thereafter. The Parties shall exchange Initial Disclosures under Rule 26 on November 2, 2023.

**I.   STATEMENT OF CASE**

(a)   A brief but specific description of the nature of the case and the contentions of the parties, including identifying, as specifically as possible, (i) the key, disputed issues that are raised by each claim or defense; and (ii) the specific relief that each party seeks (such as damages, restitution, and injunctive or declaratory relief) including the amount or form of each type of relief sought and the basis on which the party seeks that relief; and (iii) the issues that will require expert testimony and

---

[1] Submission of this Joint Case Management Statement and Rule 26(f) Report does not operate as an admission of any factual allegation or legal conclusion and is submitted subject to and without waiver of any right, defense, affirmative defense, claim, or objection.

the expert witnesses, identified by area of expertise if not by name, who will be necessary to address those issues.

    a.  **PLAINTIFF'S POSITION AND SUMMARY OF CLAIM(S)**

Plaintiff was a non-exempt hourly manager who was not always paid time- and one-half her regular rate of pay for hours worked in excess of forty hours within a workweek. Plaintiff brings her first claim under the Fair Labor Standards Act ("FLSA") for failure to pay overtime in violation of the FLSA. Plaintiff contends that the key disputed issues in her FLSA matter will be limited to the number of hours she worked per week, Defendant's awareness of same, and whether she was compensated properly for any hours worked over forty per week.

Plaintiff also brings a claim under the FLSA for failure to pay minimum wage for the last one to two weeks of her employment, as she was not paid for all hours worked during this period. In the alternative to her minimum wage claim under the FLSA, Plaintiff seeks recovery at her full regular rate for her last one to two weeks under quantum meruit, promissory estoppel, unjust enrichment, or money had and received. The key issue in this claim will be the number of hours Plaintiff worked during the last two weeks of her employment for which she was not compensated.

No issues (other than testimony post-trial on submission for fees should Plaintiff be a prevailing party) will require an expert. Any post-trial fee application will list the undersigned and a Dallas attorney, most likely Barry Hersh or Allen Vaught, as experts on the reasonableness of both the amount of fees and the requested hourly rate.

Plaintiff seeks monetary damages for all of the above causes of action, although the exact amount of each claim has not yet been determined.

    b.  **DEFENDANT'S POSITION, SUMMARY OF DEFENSES AND POTENTIAL AFFIRMATIVE CLAIM(S)**

Doggie Delight denies Ms. Jansen's characterization of the facts and law, and denies that it is liable to her in any respect.

Ms. Jansen was given every possible opportunity to succeed at Doggie Delight. Instead, of taking advantage and being grateful for this opportunity (one that almost no employer would have given her – given her personal and health issues) – her tenure at Doggie Delight can be described as "disastrous." Ms. Jensen was open with Mrs. Ward concerning the myriad of personal problems/stressors confronting her in her personal life when she applied for a position. In a day and age that corporate interests and bottom interests matter most, Mrs. Ward by her own kindness sought to do everything she could to assist Ms. Jansen in getting back on her feet. Ms. Jansen not merely dismissed Mrs. Ward's kindness but took advantage of it. Ms. Jansen squandered an opportunity and even worse, she created problems/issues for Doggie Delight that persist to this day.

By way of example only, Ms. Jansen undermined Mrs. Ward's requests for assistance, created inner-fighting amongst the groomers, acted completely contrary to the company's best interest and submitted hours for time never work or was even at Doggie Delight. During the last two works of her association with Doggie Delight, Ms. Jensen was rarely seen; instead, she was a local counsel seeking to file a restraining order. Consistent with her actions throughout her tenure at Doggie Delight, she defined the Company's policies, disregarded the rights of customers and workers, ignored Mrs. Ward's requests that she follow all policies/policies and physically come to work. Ms. Jansen admittedly failed to perform her job in any competent manner whatsoever. Even worse, as will made clear through the course of this litigation, she caused Doggie Delight to suffer damages, based on solely on her failures to follow policies/procedures and negligence, if not gross negligence. If Doggie Delight seeks affirmative claims, it will not be for gamenship, made in bad-faith or a retaliatory act. Ms. Jansen without any rational basis whatsoever cause Doggie Delight to suffer great monetary damages and lose lifelong customers because she on her own accord (absent any express authority) closed Doggie Delight in what she deemed inclement weather; yet, all businesses within the vicinity of Doggie Delight.

(b)     **DISCOVERY AND DISCOVERY PLAN**

***Discovery Taken to Date***: No discovery has been taken to date and the Parties have not identified any pending discovery disputes (or anticipate any).

***Electronically Stored Information***: The Parties have conferred and will continue to confer regarding disclosure, discovery, and preservation of electronically stored information (ESI). To be clear, the Parties acknowledge there will be a minimum, if any ESI, in this case. Should ESI become an issue, the parties will work together to execute any necessary order(s), protocols and directives of the Court.

***Joint Statement***: The Parties continue to seek resolution of this matter; however, should these efforts fail soon, formal discovery will commence by both Parties.

       (i)     An estimate of the time needed for discovery, with an explanation of the reasons for the estimate, and a specific description of the contemplated scope, types (such as interrogatories, depositions, subpoenas, and the like), subject matter, and expected duration of discovery to be conducted by each party, consistent with Federal Rule of Civil Procedure 26(b);

**Plaintiff's Position**: Plaintiff estimates that the parties would need five months at most for discovery, which would allow them time to engage in written discovery (including interrogatories, requests for production and requests for admission), time for depositions, including any 30(b)(6) depositions, time to potentially mediate the case and time to prepare dispositive motions, should such be appropriate.

**Defendant's Position**: Defendant agrees for the most part with Plaintiff's estimated time to complete discovery. The anticipated number of responsive documents is scant, which will expedite discovery. Still, with the holidays approaching, Defendant anticipate scheduling issues that may staff the Parties' ability to take certain individual's depositions. Like Plaintiff, Doggie Delight

aggress that referral to a formal ADR process is likely beneficial given the nature of the case, the small damages at issue and wouldn't consume the Court's time and resources.

      (ii)    An explanation of any issues related to the accessibility (including costs involved in accessing of), retention, preservation, disclosure, and/or discovery and production of electronically stored information, including the need for any protective order and the form or forms (such as TIF, PDF, or native; with or without metadata; and searchable or not) in which any electronically stored information should be produced and the organization of any production of electronically stored information, see FED. R. CIV. P. 34(b)(2)(E)(i)-(iii);

**Plaintiff's Position**: Because this is not a data-intensive case, Plaintiff does not anticipate any issues related to the accessibility or production of electronically stored data, and does not anticipate the need for a protective order. To the extent any issues arise with respect to ESI, Plaintiff agrees to work with opposing counsel to attempt to resolve such issues.

**Defendant's Position**: As stated above, the Parties both confirm that their counsel has reviewed the Guidelines Relating to the Discovery of ESI. Moreover, counsel for Doggie Delight is famailr with the Sedona Principles and best practices. The Parties both acknowledge ESI likely won't be an issue in this case. Still, the Parties further confirm that they have undertaken steps to preserve relevant to the issues reasonable evident in this action.

      (iii)    A discussion of whether discovery should be conducted in phases, should be limited to certain issues, or should initially focus on the subjects and sources that are most clearly proportional to the needs of the case (such as information that is clearly going to be important to the case and is easily obtained) under Rule 26(b);

**Plaintiff's Position**: Discovery does not need to be conducted in phases, nor does it need to be limited.

**Defendant's Position**: Doggie Delight is in agreement with Plaintiff; insofar as discovery shouldn't be limited or be conducted in phases.

      (iv)    A discussion of what facts can be stipulated and what facts or factual issues are undisputed and can be removed from the scope of discovery to be conducted;

**Plaintiff Position**: At this point in time, Plaintiff is unaware of any facts that can be stipulated.

**Defendant's Position**: Doggie Delight is open to stipulating to certain facts, the authenticity of documents and related materials to ensure litigation isn't bogged down with secondary issues that could have easily been adverted.

      (v) A discussion of whether the presumptive limits of 10 depositions per side, seven hours per deposition, and 25 interrogatories per party, as well as a limit of thirty Federal Rule of Civil Procedure 36 requests for admission per party, should apply in this case. Any party who suggests that these limits should not apply must set forth the reasons for variance from the rules;

**Plaintiff's Position**: The above limitations are acceptable to Plaintiff.

**Defendant's Position**: Doggie Delight is in agreement with Plaintiff.

  (vi) An explanation of any other proposed limitations on discovery;

**Both Parties state as follows: None.**

  (vii) An explanation of any issues relating to a party's claims of privilege, work product, or other protections, including

  (A) whether the parties agree on a protocol for creating and exchanging privilege logs pursuant to Federal Rule of Civil Procedure 26(b)(5) and

**Plaintiff's Position**: Plaintiff does not think that any issues relating to privilege exist at this time. Plaintiff agrees that should Plaintiff withhold material on the basis of privilege or other protections, counsel will create a privilege log.

**Defendant's Position**: Doggie Delight is in agreement with Plaintiff.

  (B) whether the parties agree on a procedure to assert claims of privilege, work product, or other protections after production or to "claw back" inadvertently produced privileged or otherwise protected documents and will ask the Court to include their agreement in an order;

**Plaintiff's Position**: Plaintiff suggests that any inadvertently produced documents should be able to be "clawed back" within a reasonable period not exceeding 60 days upon discovery of a mistaken or inadvertant production.

**Defendant's Position**: Doggie Delight proposes that the production of privileged or work-product protected documents, ESI or information, whether inadvertent or otherwise, should not be considered a waiver of the privilege or protection from discovery in this case or in this proceeding. Doggie Delight believes the Parties will come to an agreement about issues relating to privilege that provides the maximum protection allowed by Federal Rule of Evidence 502(d) and that the Parties will request the Court include the Parties' agreement in an order under Federal Rules of Evidence 502.

  (viii) A proposed deadline to designate expert witnesses and exchange written reports, in advance of a deadline to complete discovery;

**At this time, the Parties do not anticipate the use of experts.**

  (ix) An explanation of any other orders the Court should issue under Federal Rule of Civil Procedure 26(c) or Federal Rules of Civil Procedure 16(b) and 16(c); and

**The Parties agree: None at this time.**

(x) A proposed deadline to complete discovery.

**Plaintiff's Position**: Plaintiff suggests discovery close on Friday, March 15, 2024.

**Defendant's Position**: Doggie Delight's requests discovery close on June 1, 2024.

(a) A brief but specific explanation of the basis for this Court's jurisdiction over this action and the parties hereto, including, in any action for which 28 U.S.C. § 1332 is alleged to provide the basis for subject-matter jurisdiction, a specific description of the citizenship of the parties, and a brief but specific description of any challenges to jurisdiction or venue, including, in a case removed from state court, any challenges to procedural or jurisdictional defects in the removal;

**Plaintiff's Position**: This Court has subject matter jurisdiction because Plaintiff asserts claims arising under federal law.  Specifically, Plaintiff asserts claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq.  This Court, therefore, has jurisdiction pursuant to 28 U.S.C. § 1331.  This Court also has supplemental jurisdiction over Plaintiff's state law claims and has personal jurisdiction over all parties to this action.

**Defendant's Position**: Doggie Delight does not disagree with Plaintiff's representations concerning the Court's jurisdiction.

(b) Any pending or contemplated motions, including, in any action removed from state court, any motions that were filed in state court;

**The Parties jointly state: None at this time.**

(c) A deadline to file motions to amend pleadings and join additional parties;

**Plaintiff's Position**: Plaintiff suggests Monday, December 18, 2023.

**Defendant's Position**: Doggie Delight requests this deadline be early 2024, when the holiday season is over.

(d) A deadline to file dispositive motions and other pretrial motions;

**Plaintiff's Position**: Plaintiff suggests Friday, May 17, 2024.

**Defendant's Position**: Doggie Delight has no objection to this date; however, scheduling issues and discovery matters could push this date back.

(e) The position of each party regarding mediation or other forms of alternate dispute resolution, including a deadline for the completion of such procedures, as well as regarding the possibilities for promptly settling or resolving the case;

Plaintiff's Position: Plaintiff is amenable to an early mediation in this matter, to be conducted as a settlement conference with a Dallas Magistrate Judge.  Plaintiff suggests mediation should occur before Friday, December 15, 2023.

**Defendant's Position**: Doggie Delight agrees with Plaintiff, as stated above.

(f) A trial date and an explanation of whether a jury has been demanded;

**The Parties suggest a trial date of Monday, August 5, 2024.  A jury has not been demanded.**

(g) Any other matters relevant to the status or disposition of the case; and

**Neither party has any other matters it wishes to bring to the Court's attention at this time.**

(h) Whether the parties will consent to trial, either jury or non-jury, before the magistrate judge. See FED. R. CIV. P. 73(b)(1). Consent to the magistrate judge's authority is voluntary. Any party is free to withhold consent without adverse substantive consequences. See 28 U.S.C. § 636(c)(2); FED. R. CIV. P. 73(b)(2). However, a magistrate judge may often be in the best position to provide a speedy, just, and inexpensive adjudication of a civil case while still preserving the right of direct appeal to the Court of Appeals. If all parties consent to the authority of the magistrate judge, the case will be reassigned to the magistrate judge under 28 U.S.C. §636(c) and Federal Rule of Civil Procedure 73(a) to conduct all further proceedings, including entry of a final judgment, with any appeal directly to the United States Court of Appeals for the Fifth Circuit. See 28 U.S.C. §636(c)(3); FED. R. CIV. P. 73(c).

**Plaintiff's Position**: Plaintiff is waiting to determine Defendant's position on an agreement to have the Magistrate preside over this matter.

**Defendant's Position**: Doggie Delight needs to confer with Plaintiff regarding this matter. The Parties will supplement this answer this week.

**Plaintiff's Position**: Plaintiff anticipates exchanging initial disclosures within 14 days of today, October 19, 2023, which would be November 2, 2023.

**Defendant's Position**: Initial Disclosures are due November 2, 2023.

Dated: October 29, 2023                             Respectfully Submitted,


                                                                                                    By: /s/ Douglas Welmaker
                                                                                                       Attorney-in-Charge
                                                                                      State Bar No. 00788641
                                                                                      Welmaker Law, PLLC
                                                                                      409 N. Fredonia, Suite 118
                                                                                      Longview, Texas 75601
                                                                                      Phone: (512) 799-2048
                                                                                      Email: doug@welmakerlaw.com

                                                                       ***Counsel for Plaintiff, Debra Jenson***

                                                                       and,

                                                                       Daniel B. Moskowitz
                                                                       Texas State Bar No. 24085485
                                                                       dmoskowitz@dbmlaw.net
                                                                       dbm@moskowitzpllc.com
                                                                       **MOSKOWITZ, PLLC**
                                                                       325 N. Saint Paul Street, Suite 3100
                                                                       Dallas, Texas 75201
                                                                       Phone: (469) 766-3863
                                                                       Fax: (214) 279-1797

                                                                       ***Counsel for Defendant, Doggie Delight, Inc.***

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing has been electronically served on all counsel of record via Notice of Electronic Filing on a known Filing User through the CM/ECF system on October 29, 2023.

*/s/ Daniel B. Moskowitz*
Daniel B. Moskowitz