IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEBRA JANSEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-693-B-BN |
| | § | |
| DOGGIE DELIGHT, INC., | § | |
| | § | |
| Defendant. | § | |

## ORDER TO SHOW CAUSE

On February 1, 2024, the Court entered an Order Granting Motion to Withdraw as Counsel for, and Requiring Further Actions by, Plaintiff Debra Jansen, in which the Court explained that,

> Based on Mr. Welmaker's representations and Plaintiff Debra Jansen's failure to appear at the hearing on the motion to withdraw, the Court finds good cause to grant leave Douglas B. Welmaker to withdraw as counsel of record for Plaintiff Debra Jansen and discharges Douglas B. Welmaker from any further responsibilities in this case.
> The Clerk of the Court is directed to update the contact information for Plaintiff Debra Jansen on the docket as follows:
> Debra Jansen
> 5846 Marina Dr.
> Garland, TX 75043
> debleah@me.com
>
> *See* Dkt. No. 50 at 2.
> The Clerk of the Court is also directed to mail a copy of this Order Granting Motion to Withdraw as Counsel for, and Requiring Further Actions, by Plaintiff Debra Jansen and the Initial Scheduling Order [Dkt. No. 42] to Plaintiff Debra Jansen at that address.
> The Clerk of the Court is also directed to email a copy of this Order Granting Motion to Withdraw as Counsel for, and Requiring Further Actions, by Plaintiff Debra Jansen and the Initial Scheduling Order [Dkt. No. 42] to Plaintiff Debra Jansen at debleah@me.com.

Dkt. No. 54 at 3-4.

The Court also ordered Ms. Jansen to take several actions in this case:

> The Court ORDERS Plaintiff Debra Jansen to – by **Friday, February 16, 2024** – file a notice with the Court that updates her contact information, including a phone number at which she can be reached.
> The Court also ORDERS Plaintiff Debra Jansen to – by **Friday, February 16, 2024** – contact Daniel B. Moskowitz, as counsel for Defendant Doggie Delight, Inc., to discuss rescheduling the continued settlement conference before Magistrate Judge Hal Ray. The parties are then ORDERED to file a joint status report regarding their availability for a rescheduled settlement conference by **Friday, February 23, 2024**. If Plaintiff Debra Jansen fails to contact Mr. Moskowitz by February 16, 2024, as ordered, Mr. Moskowitz must, by **Friday, February 23, 2024**, file (instead of the joint status report) a status report explaining what, if any, contact he has been able to have with Ms. Jansen after the entry of this Order Granting Motion to Withdraw as Counsel for, and Requiring Further Actions, by Plaintiff Debra Jansen.

Dkt. No. 54 at 7.

Ms. Jansen has not filed with the Court the required notice that updates her contact information, including a phone number at which she can be reached, and that was due on February 16, 2024 (19 day ago).

Neither has the joint status report or, if it was necessary, separate report by Mr. Moskowitz been filed as required by February 23, 2024 (12 days ago).

The Court has already cautioned the parties "that the Court possesses the power to impose sanctions – which can include dismissing this lawsuit – for failure to comply with orders of the Court and applicable rules of procedure, including those rules that govern discovery. *See* FED. R. CIV. P. 16(f); FED. R. CIV. P. 37." Dkt. No. 54 at 7. And the Court has warned the parties that,

> [r]elatedly, Federal Rule of Civil Procedure 41(b) "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with [a Federal Rule of Civil Procedure or] a court order." *Griggs v.*

> *S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute).
>
> While the text of Rule 41(b) may not extend to a failure to comply with a court's local rule insofar as that violation does not also qualify as a failure to prosecute, *see Campbell v. Wilkinson*, 988 F.3d 798, 800-01 (5th Cir. 2021) (discussing *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188 (5th Cir. 1992)), the Court specifically ORDERS the parties to abide by the Court's local rules insofar as a provision of those rules is not modified by this order or another order of the Court in this case. So, as applicable, a failure to comply with the Court's local rules will also violate this order and subject the violation of the local rules to Rule 41(b).
>
> A court's authority under this rule "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985). And dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). But a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *See id.* at 880; *see also Berry*, 975 F.2d at 1191; *cf. Nottingham*, 837 F.3d at 442 (noting that "lesser sanctions" may "'include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings'" (quoting *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013))).
>
> And the Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, because "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (citations omitted).

Dkt. No. 54 at 8-9.

By **Thursday, March 21, 2024**, Plaintiff Debra Jansen must file a response to this Order to Show Cause in writing and, in that written response, show cause why her case should not be dismissed under Rule 41(b) for failure to comply with the

requirements of the Court's February 1, 2024 Order Granting Motion to Withdraw as Counsel for, and Requiring Further Actions by, Plaintiff Debra Jansen [Dkt. No. 54].

This Order to Show Cause provides another warning and is itself a lesser sanction for Ms. Jansen's failure to prosecute and comply with the Court's orders and affords notice and the opportunity to respond, to explain why her case should not be dismissed for the reasons set out above. *See McNeal v. Papasan*, 842 F.2d 787, 793 (5th Cir. 1988) ("In *Rogers* [*v. Kroger Co.*, 669 F.2d 317. 321-22 (5th Cir. 1982)], we suggested that '[a]ssessments of fines, costs, or damages against the plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings are preliminary means or less severe sanctions that may be used to safeguard a court's undoubted right to control its docket.'").

SO ORDERED.

DATED: March 6, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE