IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEBRA JANSEN, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| V. § | No. 3:23-cv-693-B-BN | |
| § | | |
| DOGGIE DELIGHT, INC., § | | |
| § | | |
| Defendant. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

**Background**

As the Court previously explained, *see* Dkt. No. 54, Douglas B. Welmaker, Plaintiff Debra Jansen's then-attorney of record, filed an Unopposed Motion to Continue Mediation on December 13, 2023, explaining that

> Counsel for Plaintiff has been unable to contact and/or communicate with Plaintiff despite repeated attempts. Mediation in this matter has been set for this Friday, December 15, 2023 at 1:00 p.m. with Magistrate Ray, which is also the last day the parties have been given to mediate this matter. At this time, counsel for Plaintiff does not expect Plaintiff to appear for the mediation. In order to conserve judicial resources, and to be respectful of the Court's time as well as the time of Defendant and its counsel, counsel for Plaintiff hereby requests that the Court 1) cancel the mediation currently scheduled for December 15, 2023 and 2) extend the mediation deadline in this matter by 45 days.
> A 45-day extension of the mediation deadline will give counsel time to try to communicate with Plaintiff and/or determine that communication is not possible, which would of course require further communication with the Court.

Dkt. No. 47 at 1.

The Court granted that motion and ordered "that the mediation scheduled for December 15, 2023, is canceled, and the parties have 45 days from today, or until Friday, January 26, 2024, in which to schedule another mediation with Magistrate Judge Hal Ray." Dkt. No. 48 at 1.

Mr. Welmaker then filed a Motion to Withdraw as counsel for Plaintiff Debra Jansen. *See* Dkt. No. 50. In the motion, Mr. Welmaker explained:

> 2. The undersigned has repeatedly tried to communicate with Ms. Jansen, via phone calls, emails, text messages, regular mail and priority mail, but Ms. Jansen will not respond to the undersigned. Because it has become impossible to communicate with Ms. Jansen, it has become necessary to withdraw from representation of Ms. Jansen.
> 3. This Motion to Withdraw is not sought for the purposes of delay, but so that justice may be done.
> 4. Prior to the filing of this motion, the undersigned attempted to discuss the filing of this Motion with Plaintiff, but Plaintiff has not responded. Plaintiff will be emailed a file-stamped copy of this Motion via email.
> 5. There is a status conference scheduled for this Friday, January 26 at 9:00 a.m. At this conference, the Court has stated that counsel SHALL confer and be prepared to propose three dates for the settlement conference to take place on or before February 29, 2024, during the weeks of February 12 through 16, and 26 through 29.
> 6. There are no other deadlines in this matter.
> 7. Ms. Jansen's email is debleah@me.com, and her last known address was 5846 Marina Dr., Garland, TX 75043.

Dkt. No. 50 at 1-2.

The motion was not opposed by Defendant Doggie Delight, Inc. *See id.* at 2-3.

United States Magistrate Judge Hal R. Ray, Jr. then entered an order explaining that, "[b]y order dated December 13, 2023, United States Magistrate Judge David L. Horan ordered the parties to schedule another mediation in this case

-2-

by January 26, 2024" and that, "[t]o schedule that mediation, the Court set a Status Conference, via telephone, on Friday, January 26, 2024 at 9:00 a.m." and that, "[t]hereafter, Plaintiff's counsel filed an Unopposed Motion to Withdraw (ECF No. 50)." Dkt. No. 51 at 1. Judge Ray then ordered that, "[f]or the reasons stated in that Motion, the Court determines that the Status Conference set for this Friday, January 26, should not go forward" and that, "[a]ccordingly, the Court VACATES its Order Setting Status Conference (ECF No. 49) and cancels the Status Conference set on January 26, 2024." *Id.*

The Court then held a hearing on Mr. Welmaker's Motion to Withdraw on February 1, 2024. *See* Dkt. No. 53.

In the Court's order setting this hearing, the Court ordered that Plaintiff Debra Jansen; Mr. Welmaker; and Daniel B. Moskowitz as counsel for Defendant Doggie Delight, Inc. must appear in person at and participate in this hearing. *See* Dkt. No. 52. Mr. Welmaker and Mr. Moskowitz appeared, but Plaintiff Debra Jansen did not. At the hearing, Mr. Welmaker explained that he had, despite many efforts to contact Ms. Jansen, been unsuccessful in making contact with Ms. Jansen since before December 15, 2023, when the settlement conference had been set. *See* Dkt. No. 54 at 1-3.

Then, in the Court's March 6, 2024 Show Cause Order, the Court explained and ordered as follows:

> On February 1, 2024, the Court entered an Order Granting Motion to Withdraw as Counsel for, and Requiring Further Actions by, Plaintiff Debra Jansen, in which the Court explained that,
> > Based on Mr. Welmaker's representations and

>> Plaintiff Debra Jansen's failure to appear at the hearing on the motion to withdraw, the Court finds good cause to grant leave Douglas B. Welmaker to withdraw as counsel of record for Plaintiff Debra Jansen and discharges Douglas B. Welmaker from any further responsibilities in this case.
> 
> The Clerk of the Court is directed to update the contact information for Plaintiff Debra Jansen on the docket as follows:
>> Debra Jansen
>> 5846 Marina Dr.
>> Garland, TX 75043
>> debleah@me.com
> 
> *See* Dkt. No. 50 at 2.
> 
> The Clerk of the Court is also directed to mail a copy of this Order Granting Motion to Withdraw as Counsel for, and Requiring Further Actions, by Plaintiff Debra Jansen and the Initial Scheduling Order [Dkt. No. 42] to Plaintiff Debra Jansen at that address.
> 
> The Clerk of the Court is also directed to email a copy of this Order Granting Motion to Withdraw as Counsel for, and Requiring Further Actions, by Plaintiff Debra Jansen and the Initial Scheduling Order [Dkt. No. 42] to Plaintiff Debra Jansen at debleah@me.com.

Dkt. No. 54 at 3-4.

The Court also ordered Ms. Jansen to take several actions in this case:

>> The Court ORDERS Plaintiff Debra Jansen to – by **Friday, February 16, 2024** – file a notice with the Court that updates her contact information, including a phone number at which she can be reached.
>> 
>> The Court also ORDERS Plaintiff Debra Jansen to – by **Friday, February 16, 2024** – contact Daniel B. Moskowitz, as counsel for Defendant Doggie Delight, Inc., to discuss rescheduling the continued settlement conference before Magistrate Judge Hal Ray. The parties are then ORDERED to file a joint status report regarding their availability for a rescheduled settlement conference by **Friday, February 23, 2024**. If Plaintiff Debra Jansen fails to contact Mr. Moskowitz by February 16, 2024, as ordered, Mr. Moskowitz must, by **Friday, February 23, 2024**, file (instead of the joint status report) a status report explaining what, if any, contact he has been able to have with Ms. Jansen after the entry of this Order Granting Motion to Withdraw as Counsel for, and Requiring Further

Actions, by Plaintiff Debra Jansen. Dkt. No. 54 at 7.

Ms. Jansen has not filed with the Court the required notice that updates her contact information, including a phone number at which she can be reached, and that was due on February 16, 2024 (19 day ago).

Neither has the joint status report or, if it was necessary, separate report by Mr. Moskowitz been filed as required by February 23, 2024 (12 days ago).

The Court has already cautioned the parties "that the Court possesses the power to impose sanctions – which can include dismissing this lawsuit – for failure to comply with orders of the Court and applicable rules of procedure, including those rules that govern discovery. *See* FED. R. CIV. P. 16(f); FED. R. CIV. P. 37." Dkt. No. 54 at 7. And the Court has warned the parties that,

> [r]elatedly, Federal Rule of Civil Procedure 41(b) "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with [a Federal Rule of Civil Procedure or] a court order." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute).
>
> While the text of Rule 41(b) may not extend to a failure to comply with a court's local rule insofar as that violation does not also qualify as a failure to prosecute, *see Campbell v. Wilkinson*, 988 F.3d 798, 800-01 (5th Cir. 2021) (discussing *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188 (5th Cir. 1992)), the Court specifically ORDERS the parties to abide by the Court's local rules insofar as a provision of those rules is not modified by this order or another order of the Court in this case. So, as applicable, a failure to comply with the Court's local rules will also violate this order and subject the violation of the local rules to Rule 41(b).
>
> A court's authority under this rule "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985). And dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). But a dismissal with prejudice is appropriate only if the failure

> to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *See id.* at 880; *see also Berry*, 975 F.2d at 1191; *cf. Nottingham*, 837 F.3d at 442 (noting that "lesser sanctions" may "'include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings'" (quoting *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013))).
>
> And the Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, because "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (citations omitted).

Dkt. No. 54 at 8-9.

> By **Thursday, March 21, 2024**, Plaintiff Debra Jansen must file a response to this Order to Show Cause in writing and, in that written response, show cause why her case should not be dismissed under Rule 41(b) for failure to comply with the requirements of the Court's February 1, 2024 Order Granting Motion to Withdraw as Counsel for, and Requiring Further Actions by, Plaintiff Debra Jansen [Dkt. No. 54].
>
> This Order to Show Cause provides another warning and is itself a lesser sanction for Ms. Jansen's failure to prosecute and comply with the Court's orders and affords notice and the opportunity to respond, to explain why her case should not be dismissed for the reasons set out above. *See McNeal v. Papasan*, 842 F.2d 787, 793 (5th Cir. 1988) ("In *Rogers* [*v. Kroger Co.*, 669 F.2d 317. 321-22 (5th Cir. 1982)], we suggested that '[a]ssessments of fines, costs, or damages against the plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings are preliminary means or less severe sanctions that may be used to safeguard a court's undoubted right to control its docket.'").
> SO ORDERED.

Dkt. No. 55 at 1-4.

Thereafter, in the Court's March 25, 2024 Order Setting Show Cause Hearing, the Court explained and ordered as follows:

-6-

> As of March 25, 2024, Ms. Jansen has not made that required filing in response to the Show Cause Order.
> The Court now ORDERS Plaintiff Debra Jansen to appear for a show case hearing on **Wednesday, April 3, 2024 at 2:00 p.m.** Central Time in Courtroom 1561, 1100 Commerce Street, Dallas, Texas 75242, and to then show cause why her case should not be dismissed under Rule 41(b) for failure to comply with the requirements of the Court's February 1, 2024 Order Granting Motion to Withdraw as Counsel for, and Requiring Further Actions by, Plaintiff Debra Jansen [Dkt. No. 54] and the Court's March 6, 2024 Show Cause Order [Dkt. No. 55].
> Counsel for Defendant Doggie Delight, Inc. must also appear in person for this show cause hearing.

Dkt. No. 58 at 4.

The Court held the show cause hearing on April 3, 2024.

Counsel for Defendant Doggie Delight, Inc., with the Court's permission, appeared remotely over Zoom. Plaintiff Debra Jansen did not appear.

At the hearing, Defendant's counsel reported that all efforts to make contact and communication with Ms. Jansen during the time that she has represented herself in this case have been unsuccessful.

## Legal Standards and Analysis

Federal Rule of Civil Procedure 41(b) "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with [a Federal Rule of Civil Procedure or] a court order." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute).

This authority "flows from the court's inherent power to control its docket and

prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985); *see also Lopez v. Ark. Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) ("Although [Rule 41(b)] is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised sua sponte whenever necessary to achieve the orderly and expeditious disposition of cases." (cleaned up)); *Campbell v. Wilkinson*, 988 F.3d 798, 800 (5th Cir. 2021) ("It is well established that Rule 41(b) permits dismissal not only on motion of the defendant, but also on the court's own motion.").

And the Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (cleaned up).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).

> Although [l]esser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice, ... a Rule 41(b) dismissal is appropriate where there is a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice.

*Nottingham*, 837 F.3d at 441 (cleaned up); *see also Long*, 77 F.3d at 880 (a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile); *cf. Nottingham*, 837 F.3d at 442 (noting that "lesser sanctions" may "include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings" (cleaned

up)).

> A dismissal with prejudice is improper unless the case history evidences both "(1) a clear record of delay or contumacious conduct by the plaintiff, and (2) that a lesser sanction would not better serve the best interests of justice." A petitioner's delay meriting a Rule 41(b) dismissal with prejudice "must be longer than just a few months; instead, the delay must be characterized by significant periods of total inactivity." A party's negligence does not make conduct contumacious; rather, "it is the stubborn resistance to authority which justifies a dismissal with prejudice."

*Haynes v. Turner Bass & Assocs.*, No. 20-40787, 2022 WL 2383855, at *1 (5th Cir. July 1, 2022) (per curiam) (quoting *McNeal v. Papasan*, 842 F.2d 787, 790, 791 (5th Cir. 1988), then *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 327 (5th Cir. 2008)).

And, "[w]hen a dismissal is without prejudice but 'the applicable statute of limitations probably bars future litigation,'" that dismissal operates as – i.e., it is reviewed as – "a dismissal with prejudice." *Griggs*, 905 F.3d at 844 (quoting *Nottingham*, 837 F.3d at 441); *see, e.g., Wright*, 754 F. App'x at 300 (affirming dismissal under Rule 41(b) – potentially effectively with prejudice – where "[t]he district court had warned Wright of the consequences and 'allowed [her] a second chance at obtaining service'" but she "disregarded that clear and reasonable order").

The Court has warned Plaintiff Debra Jansen twice that her case could be dismissed for failure to comply with court orders or failure to prosecute her case. *See* Dkt. No. 54 at 7-9; Dkt. No. 55 at 2-4.

And yet Ms. Jansen failed to appear as ordered for the February 1, 2024 and April 3, 2024 hearings.

Ms. Jansen has also failed to file with the Court (1) the required notice that updates her contact information, including a phone number at which she can be

reached, and that was due on February 16, 2024, and (2) the written response to the Order to Show Cause, due on March 21, 2024, to explain cause why her case should not be dismissed under Rule 41(b) for failure to comply with the requirements of the Court's February 1, 2024 Order Granting Motion to Withdraw as Counsel for, and Requiring Further Actions by, Plaintiff Debra Jansen [Dkt. No. 54].

By failing to make these filings and appear for these hearings, Ms. Jansen has prevented her case from proceeding and has failed to prosecute her case – after her counsel was allowed to withdraw after it became impossible for him to communicate with Ms. Jansen. As the United States Court of Appeals for the Fifth Circuit has recently explained, "[f]ailure to attend a hearing is a critical default," and, "in such circumstances trial courts must be allowed leeway in the difficult task of keeping their dockets moving." *Smith v. Bogalusa City*, No. 23-30707, 2024 WL 1156536, at *2 (5th Cir. Mar. 18, 2024) (cleaned up).

And the Court explained in its Order to Show Cause that "[t]his Order to Show Cause provides another warning and is itself a lesser sanction for Ms. Jansen's failure to prosecute and comply with the Court's orders and affords notice and the opportunity to respond, to explain why her case should not be dismissed for the reasons set out above." Dkt. No. 55 at 4.

A Rule 41(b) dismissal of this lawsuit without prejudice is warranted under these circumstances. Lesser sanctions would be futile, where the Court has tried the lesser sanctions of warnings and is not required to delay the disposition of this case until such time as (if ever) Ms. Jansen decides to engage with this case that she

-10-

brought. To prevent undue delays in the disposition of pending cases, the Court should dismiss this case without prejudice under Rule 41(b).

It is not apparent based on the record here that dismissing this lawsuit without prejudice at this stage would effectively be a dismissal with prejudice. But, even if dismissal here will be with prejudice, there is a clear record of delay that Ms. Jansen herself has caused (since she failed to attend the hearing on her counsel's motion to withdraw and has thereafter been representing herself); and the undersigned finds that lesser sanctions would not prompt diligent prosecution, where the Court has already employed lesser sanctions that proved to be futile. *See Griggs*, 905 F.3d at 844. And, while delay meriting dismissal with prejudice "must be longer than just a few months" and "must be characterized by significant periods of total inactivity," *McNeal*, 842 F.2d at 791 (cleaned up), it has now been almost four months since Ms. Jansen was engaged with her own case.

And, insofar as dismissal may somehow prejudice Ms. Jansen, the March 6, 2024 Order to Show Cause and warning served as a lesser sanction and afforded notice and the opportunity to respond, to explain why this case should not be dismissed. *See McNeal*, 842 F.2d at 793 ("In *Rogers*, we suggested that '[a]ssessments of fines, costs, or damages against the plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings are preliminary means or less severe sanctions that may be used to safeguard a court's undoubted right to control its docket.' 669 F.2d at 321-22."). Ms. Jansen still has not cured the deficiencies or appeared as ordered for hearings.

In any event, these findings, conclusions, and recommendation afford notice, and the opportunity to file objections (further explained below) affords an opportunity to respond, to explain why this case should not be dismissed for the reasons set out above. *Cf. Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) ("The broad rule is that 'a district court may dismiss a claim on its own motion as long as the procedure employed is fair.' More specifically, 'fairness in this context requires both notice of the court's intention and an opportunity to respond' before dismissing *sua sponte* with prejudice." (citations omitted)).

## Recommendation

The Court should dismiss without prejudice this case under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 3, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE